*United States v. Carter*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand seventeen.

PRESENT:

> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> CAROL BAGLEY AMON,*
> *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                          No. 16-944

DEANDRE D. CARTER,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | DAVID L. MCCOLGIN, Assistant Federal Public Defender, *for* Michael L. Desautels, Federal Public Defender, Burlington, VT. |
| FOR APPELLEE: | KEVIN J. DOYLE, Assistant United States Attorney (Barbara A. Masterson, Gregory |

---

\* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

L. Waples, Assistant United States Attorneys, *on the brief*), *for* Eric S. Miller, United States Attorney, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 16, 2016 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Deandre Carter appeals his conviction for possessing cocaine base and oxycodone with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). His challenge focuses on the District Court's denial of his motion to suppress the results of the search that uncovered drugs in his possession while he was a passenger in a taxicab that was subject to a traffic stop on a highway in Vermont. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Carter's sole ground for challenging the search is his view that the traffic stop entailed an unlawfully prolonged period of questioning, tainting the resulting search during which the drugs in Carter's possession were discovered. Carter does not dispute that the traffic stop itself was supported by reasonable suspicion. Rather, he contends that the officer's questioning of the car's occupants—the taxicab driver and Carter—went beyond the stop's proper scope, thereby impermissibly extending the stop under standards recently addressed by the Supreme Court in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

Substantially for the reasons stated by the District Court in its thorough and well-reasoned opinion of November 4, 2015, we reject Carter's argument. Joint App'x ("J.A.") at 194-205.

We note, however, that the District Court, relying on authority from other circuits, suggested in its opinion that asking questions related to a driver's travel plans will generally fall within the permissible scope of a traffic stop. We need not go so far. Setting aside what might

be said in the abstract about the permissibility of such questions, we conclude here only that questions about the taxicab driver's travel plans were reasonable under the circumstances of this case. The officer had observed a car change lanes several times in a short span of time on a highway with no other traffic and then cross over the fog line into the shoulder, suggesting possible driver impairment. He also noted that the side of the car bore a taxicab sign that appeared "homemade." J.A. 123. After the officer activated his lights, the taxicab came to an abrupt stop. As the officer approached the taxicab, he saw Carter in the back seat, hunched over with his right hand between his legs, causing the officer to wonder whether Carter might be hiding something. *See Rodriguez*, 135 S. Ct. at 1614 (noting that "the tolerable duration of police inquiries in the traffic-stop context" includes "attend[ing] to related safety concerns"). The driver made "very limited eye contact" and was "shaking uncontrollably" when the officer asked him for his license and registration and if he knew why he had been stopped. J.A. 130-31. Under these circumstances, it was reasonable for the officer to ask the driver about where he was taking Carter. The driver's inability to articulate a reasonably specific answer, in turn, justified the officer's subsequent decision to ask Carter questions about his travel plans.

We therefore find no error in the District Court's conclusion that the officer's questioning, which ultimately led to the search that uncovered drugs in Carter's possession, was supported by reasonable suspicion.

* * *

We have considered Carter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court